AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

FRANK A. BRUNI, SR., by and through his Guardian and Next Friend, DOROTHEA BRUNI

*Plaintiff(s)*

v.

B. RILEY FINANCIAL, INC., and
B. RILEY WEALTH MANAGEMENT, INC.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  B. RILEY FINANCIAL, INC.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Allen Meadors
260 Peachtree Street
Suite 1201
Atlanta, Georgia 30303
(404) 273-3391
ameadors1@aol.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANK A. BRUNI, SR., by and through his Guardian and Next Friend, DOROTHEA BRUNI, <br><br> Plaintiffs, <br><br> v. <br><br> B. RILEY FINANCIAL, INC., and B. RILEY WEALTH MANAGEMENT, INC., <br><br> Defendants. | CASE NO. _____ |

## COMPLAINT

COMES NOW, FRANK A. BRUNI, SR., by and through his Guardian and Next Friend, DOROTHEA BRUNI, Plaintiff, and files this Complaint against Defendant B. RILEY FINANCIAL, INC., and Defendant B. RILEY WEALTH MANAGEMENT, INC., Defendants, showing the following:

### I. PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Frank A. Bruni, Sr., (hereinafter "Plaintiff Frank Bruni") and Plaintiff Dorothea Bruni are residents of Fulton County, Georgia.

2. Defendant B. Riley Financial, Inc. (hereinafter "Defendant B. Riley"), is a Delaware corporation with its headquarters in Los Angeles, California.

3. Defendant B. Riley Wealth Management, Inc. (hereinafter "Defendant B. Riley Wealth Management"), is a Tennessee corporation with its headquarters in Memphis, Tennessee.

4. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1332 for the reason that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. The Court possesses jurisdiction over Plaintiffs' State claims pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 for the reason that a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## II. FACTUAL ALLEGATIONS

5. Defendant B. Riley is a diversified financial services provider.

6. Defendant B. Riley Wealth Management is a subsidiary or affiliate of Defendant B. Riley which provides investment and financial services to individuals and businesses.

7. For many years, Defendant B. Riley Wealth Management has provided investment and financial services to Plaintiff Frank Bruni pursuant to contract or agreement.

8. Plaintiff Frank Bruni possesses three accounts with Defendant B. Riley Wealth Management: (1) a primary account with an account number ending in 2059 (hereinafter "Primary Account"); (2) an individual retirement account (IRA) with an account number ending in 9587 (hereinafter "IRA Account"); and (3) a bank trust account with an account number ending in 7820 (hereinafter "Trust Account"). In or around December of 2020, the Primary Account, the IRA Account, and the Trust Account (hereinafter, collectively, "B. Riley Wealth Management Accounts") held over $3,000,000 worth of cash and securities.

9. On or about May 5, 2021, Plaintiff Frank Bruni designated his wife, Dorothea Bruni, as his guardian and conservator.

10. On or about July 6, 2021, Plaintiff Frank Bruni's counsel sent a letter to the General Counsel and Chief Compliance Officer for Defendant B. Riley Wealth Management (hereinafter "General Counsel"), informing Defendant B. Riley Wealth Management that Plaintiff Frank Bruni had revoked any and all powers of attorney which Plaintiff Frank Bruni may have previously given.

11. On or about July 22, 2021, Plaintiff Frank Bruni's counsel sent a letter to the B. Riley Wealth Management's General Counsel requesting that Defendant B. Riley Wealth Management transfer any and all funds or assets relating to Plaintiff Frank Bruni to Plaintiff's counsel by July 30, 2021.

12. Defendants continue to hold over $3,000,000 in funds or assets relating to Plaintiff Frank Bruni.

### FIRST CLAIM FOR RELIEF
### CONVERSION
### (ALL DEFENDANTS)

13. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiffs have a right to immediately possession of the funds and assets in Plaintiffs' three accounts with Defendant B. Riley Wealth Management.

15. Defendants have appropriated Plaintiffs' property to Defendants' use without authorization.

16. Defendants have intentionally exercised dominion over Plaintiffs' property, in defiance of Plaintiffs' rights to the property.

17. Plaintiffs have demanded possession of the property, and Defendants have refused Plaintiffs' demands.

18. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount in excess of $75,000, exclusive of interest and costs, to be proven at trial.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE EXPEDITED FUNDS AVAILABILITY ACT,
### 12 U.S.C. §§ 4001 *ET SEQ.*
### (ALL DEFENDANTS)

19. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendants have refused to permit Plaintiffs to withdraw or transfer funds or assets belonging to Plaintiffs.

21. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount equal to Plaintiffs' actual damages, plus an amount not greater than $1,000.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT, T.C.A. §§ 47-18-101 *ET SEQ.* (ALL DEFENDANTS)

22. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendants have represented that the withdrawal or transfer of the funds and assets in Plaintiffs' three accounts with Defendant B. Riley Wealth Management involves rights or obligations which the transactions do not have or which are prohibited by law.

24. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount equal to Plaintiffs' actual damages. Plaintiffs seek an award of three (3) times Plaintiffs' actual damages sustained, and such other relief as the Court considers necessary and proper.

## FOURTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY
## (ALL DEFENDANTS)

25. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. As investment and financial advisors, Defendants possess fiduciary duties to act in their clients' best interests, as well as the affirmative duties of care and loyalty to their clients.

27. Defendants have breached their fiduciary duties to Plaintiff Frank Bruni by refusing to permit Plaintiffs to withdraw or transfer funds or assets belonging to Plaintiffs, and by colluding with third parties to in order to prevent Plaintiffs from withdrawing or transferring funds or assets belonging to Plaintiffs.

28. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount in excess of $75,000, exclusive of interest and costs, to be proven at trial.

## FIFTH CLAIM FOR RELIEF
## BREACH OF COVENANT OF GOOD FAITH
## AND FAIR DEALING
## (ALL DEFENDANTS)

29. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. In every contract or agreement there is an implied covenant of good faith and fair dealing. The obligation assumes that the parties to a contract will act in good faith and deal fairly with one another, and will not try to avoid their obligations.

31. Defendants have breached the implied covenant of good faith and fair dealing in their contract or agreement with Plaintiff Frank Bruni by refusing to permit Plaintiffs to withdraw or transfer funds belonging to Plaintiffs.

32. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount in excess of $75,000, exclusive of interest and costs, to be proven at trial.

## SIXTH CLAIM FOR RELIEF
## INJUNCTIVE RELIEF
## (ALL DEFENDANTS)

33. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants have refused to permit Plaintiffs to withdraw or transfer funds belonging to Plaintiffs.

35. Plaintiffs seek an order enjoining Defendants to transfer possession Plaintiffs' property to Plaintiffs.

36. Irreparable injury will result to Plaintiffs unless the order issues, and the injury to Plaintiffs outweighs any alleged harm to the Defendants. Plaintiffs show that an injunction against Defendants is not adverse to the public interest, and that Plaintiffs possess a substantial likelihood of success on the merits. For which reasons, Plaintiffs seek an order enjoining Defendants to transfer possession Plaintiffs' property to Plaintiffs.

## SEVENTH CLAIM FOR RELIEF
## DECLARATORY JUDGMENT, 28 U.S.C. §§ 2201 *ET SEQ.*
## (ALL DEFENDANTS)

37. Plaintiffs hereby reallege the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Plaintiffs seek a declaration declaring Plaintiffs' rights to the funds and assets in Plaintiffs' three accounts with Defendant B. Riley Wealth Management, and such other relief as the Court considers necessary and proper.

WHEREFORE, for the reasons set forth herein, Plaintiff Frank A. Bruni, Sr., by and through his Guardian and Next Friend, Plaintiff Dorothea Bruni, hereby pray:

    a.    For Plaintiffs' actual damages, plus interest and costs;

    b.    For an award of three (3) times Plaintiffs' actual damages;

    c.    For an order enjoining Defendants to transfer possession Plaintiffs' property to Plaintiffs;

    d.    For a declaration declaring Plaintiffs' rights to the funds and assets in Plaintiffs' three accounts with Defendant B. Riley Wealth Management;

    e.    For Plaintiffs' attorneys' fees and expenses of litigation;

    f.    For fines against Defendants of not more than $1,000; and

    g.    For such other relief as the Court considers necessary and proper.

Respectfully submitted, this 6th day of October, 2021.

/s/ Allen Meadors
Allen Meadors
State Bar of Georgia No. 500150
260 Peachtree Street
Suite 1201
Atlanta, Georgia 30303
(404) 273-3391
ameadors1@aol.com

Craig A. Gillen
State Bar of Georgia No. 294838
Anthony C. Lake
State Bar of Georgia No. 431149
GILLEN WITHERS & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
aclake@gwllawfirm.com

*Counsel for Plaintiffs Frank A. Bruni, Sr. and Dorothea Bruni*